IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LARRY MCKINZIE                                                                                          PLAINTIFF

V.                                         Case No. 07-CV-1050

REGIONS BANK AND
REGIONS FINANCIAL CORPORATION                                                DEFENDANTS

### ORDER

Before the Court is a Motion to Dismiss filed on behalf of Defendants. (Doc. 2) Plaintiff has responded. (Doc. 11). Defendants filed a reply to Plaintiff's response. (Doc. 14). The Court finds the matter ripe for consideration.

### BACKGROUND

On September 22, 2006, Plaintiff filed suit against Union Planters Bank in the Circuit Court of Ashley County, Arkansas. In his complaint, Plaintiff alleged claims based upon three counts: (I) invasion of privacy, (II) malicious prosecution, and (III) violation of the Fair Credit Reporting Act (FCRA). On May 11, 2007, Plaintiff amended his Complaint to substitute Regions Bank and Regions Bank Financial Corporation (hereinafter collectively referred to as "Regions") as the named Defendants.[1] On June 11, 2007, Regions removed the case to this Court. Regions claims that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction of state law claims). Regions now seeks dismissal of Plaintiff's first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] Union Planters Bank, N.A., has merged into Regions Bank. The alleged conduct complained of was committed by Union Planters before the merger. However, this opinion will refer to Regions Bank, as Regions Bank is the successor in interest of Union Planters Bank, N.A., and is a named Defendant in this suit.

In its Motion to Dismiss, Regions contends that Plaintiff has failed to state sufficient facts to support any of the claims alleged in the Complaint. Plaintiff has responded by stating that sufficient facts and factual circumstances have been pled on all claims to sustain the pleading.

## STANDARD OF REVIEW

A motion to dismiss should be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal should be granted only when the plaintiff has not proffered "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d (2007). Consequently, a Rule 12(b)(6) motion should be granted where a plaintiff has failed to "nudge [] their claims across the line from conceivable to plausible." *Id*. In evaluating a complaint, only its legal sufficiency may be considered, not the weight of the evidence supporting it. Furthermore, a court "must accept as true all factual allegations in the complaint." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Thus, the Court will review Plaintiff's complaint in light of the standard stated above.

## DISCUSSION

Plaintiff asserts one federal claim based on FCRA, 15 U.S.C. § 1681, *et seq*., and two state law claims based on invasion of privacy and malicious prosecution. The Court will first address Plaintiff's claim under FCRA.

### A. Plaintiff's Claim under FCRA

In this action, Plaintiff alleges that Regions violated FCRA by reporting false information about him to a credit reporting agency. Under FCRA, furnishers of consumer credit information are required to provide accurate information to consumer credit reporting agencies. 15 U.S.C. § 1681s-

2(a).  However, there is no private right of action for a failure to furnish accurate information under 15 U.S.C. § 1681s-2(a).  *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).  Enforcement of this provision is left to the appropriate governmental agency.  *Ryder v. Washington Mutual Bank*, 371 F. Supp. 2d 152, 154 (D. Conn. 2005); *Elmore v. North Fork Bancorporation*, 325 F. Supp. 2d 336, 339 (S.D.N.Y. 2004).  Because Plaintiff is not an appropriate state or federal authority, he has no right to sue based on alleged violations of 15 U.S.C. § 1681s-2(a).

Section 1681s-2(b) requires furnishers of consumer credit information to verify the sufficiency and accuracy of the furnished information when the consumer reporting agency notifies the person of a dispute.  15 U.S.C. § 1681s-2(b).  Contrary to section 1681s-2(a), section 1681s-2(b) may be enforced by way of a private action.  *Ryder*, 371 F. Supp 2d at 154.  Section 1681s-2(b) addresses the conduct of a credit information furnisher after it has been notified by a consumer reporting agency of a dispute regarding the information that the furnisher provided to the consumer reporting agency.  15 U.S.C. § 1681s-2(b).  Here, Plaintiff alleges that Regions furnished inaccurate information, but he does not allege that Regions failed to properly investigate a disputed claim when notified of the dispute by the consumer reporting agency.  Missing from Plaintiff's complaint are the allegations that he disputed his debt with a credit reporting agency, that the credit reporting agency notified Regions, and that Regions failed to take action based upon such notice.  Therefore, Plaintiff has not alleged a viable cause of action pursuant to section 1681s-2(b), and Defendants' Motion to Dismiss should be granted with respect to Count III.

B.  <u>Plaintiff's State Claims</u>

A district court may decline jurisdiction over supplemental claims if it has "dismissed all claims over which it has original jurisdiction...." 28 U.S.C. § 1367(c)(3).  In other words, a district

court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)). Here, the Court has dismissed Plaintiff's federal law claim, and the only claims that remain are state claims. The Court is convinced that remanding the remaining state claims to state court will best promote the values of economy, convenience, fairness, and comity. Thus, Defendants' Motion to Dismiss should be denied with respect to Counts I and II.

## CONCLUSION

For the above reasons, Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**. Count III is dismissed and Counts I and II are remanded to the Circuit Court of Ashley County.

IT IS SO ORDERED, this 31st day of March, 2008.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge